```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

| | |
|---|---|
| DIANA GOODYKOONTZ, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-01124-JB-B |
| | * |
| MAY TRUCKING, | * |
| | * |
| Defendant. | * |

### REPORT AND RECOMMENDATION

This matter is before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(b).  Plaintiff Diana Goodykoontz, who is proceeding *pro se,* filed a complaint and a motion to proceed without prepayment of fees.  (Docs. 1, 2).  Upon consideration, the Court granted Goodykoontz's motion to proceed without prepayment of fees.  (Doc. 3 at 1).  Having determined that Goodykoontz could proceed *in forma pauperis*, the Court conducted an initial screening of her complaint as required under 28 U.S.C. § 1915(e)(2)(B).[1]  See Taliaferro v.

---

[1] Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;

1

United States, 677 F. App'x 536, 537 (11th Cir. 2017) (per curiam) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."), cert. denied, 138 S. Ct. 338 (2017).  After screening Goodykoontz's complaint, the undersigned found it to be deficient in a number of aspects and ordered Goodykoontz to file an amended complaint no later than January 17, 2020.  (Doc. 3 at 2-9).  The undersigned cautioned Goodykoontz that failure to timely comply with the Court's directives and to correct the numerous deficiencies in her complaint would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.  (Doc. 3 at 9).  Despite the Court's clear directive, Goodykoontz has not attempted to remedy the deficiencies in her complaint and, indeed, has filed nothing in response to the Court's order.  Accordingly, the undersigned recommends that this action be **DISMISSED without prejudice** for failure to prosecute and obey the Court's order.

---

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

I.      **BACKGROUND**.

Goodykoontz filed a complaint with numerous attached documents (Doc. 1) and a motion to proceed without prepayment of fees (Doc. 2) on December 19, 2019. The filing which the Court construed as Goodykoontz's complaint is forty-two pages long and includes multiple attachments, such as medical records, transcripts of text messages, handwritten notes, and a rambling narrative, that appear to be placed in no logical order. (See Doc. 1). As far as the Court can discern, Goodykoontz appears to allege that she was injured when she was "forced" to execute an unnecessary maneuver during training for a commercial driving job with Defendant May Trucking. (Id. at 2, 4, 6, 8). Goodykoontz also appears to allege that she suffered sexual harassment during her employment with May Trucking, and that May Trucking retaliated against her for complaining about job discrimination by terminating her employment. (Id. at 1, 36-38, 41). Goodykoontz's filing contains few factual allegations; instead, Goodykoontz attaches numerous documents that she presumably contends support her claims. She fails, however, to explain how any of these documents are relevant to her claims.

Upon screening Goodykoontz's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court found the complaint to be woefully deficient. (Doc. 3 at 2). The undersigned explained that Goodykoontz's complaint at best is an impermissible shotgun

pleading that violates the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure in a number of ways. (<u>Id.</u> at 6-8). First, the undersigned observed that Goodykoontz failed to allege any basis for this Court's jurisdiction, in violation of Fed. R. Civ. P. 8(a)(1). (<u>Id.</u> at 2-4). The undersigned noted that the complaint violates Rule 8(a)(2) because it does not set forth a short and plain statement of the claim showing that Goodykoontz is entitled to relief. (<u>Id.</u> at 5). Thus, it is impossible for the Defendant(s)[2] to discern what she is claiming and frame a responsive pleading, and for the Court to determine which facts support which claims and whether Goodykoontz has stated any claims upon which relief can be granted. (<u>Id.</u> at 5-8); <u>see</u> <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996). The undersigned also noted that the complaint contains no demand for the relief Goodykoontz seeks, as required under Rule 8(a)(3). (Doc. 3 at 8). The undersigned further pointed out that Goodykoontz's complaint violates Rule 10(a) because it is not properly captioned and does not contain a title naming all the parties. (<u>Id.</u> at 6). It also fails to comply with Rule 10(b) because the allegations are not set forth in numbered paragraphs and, to the extent Goodykoontz alleges more than one cause of

---

[2] The Court stated that although it "can infer that May Trucking is a Defendant in this action, it is not entirely clear from Goodykoontz's uncaptioned complaint whether May Trucking is the *only* Defendant." (Doc. 3 at 7-8) (emphasis in original).

4

action, her claims are not set forth in separate counts. (Id.).

Thus, Goodykoontz was directed to file an amended complaint remedying these deficiencies no later than January 17, 2020. (Id. at 8). Goodykoontz was specifically cautioned that if she failed to timely comply with the Court's directives by correcting the above-described deficiencies in her complaint, the undersigned would recommend dismissal of this action without prejudice for failure to prosecute and to obey the Court's order. (Id. at 9). As noted *supra*, Goodykoontz has failed to file an amended complaint (or anything else) to date, despite being ordered to do so no later than January 17, 2020.

## II. ANALYSIS.

### A. *Pro Se* Litigation.

When considering a *pro se* litigant's allegations, a court must give them a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, even in the case of *pro se* litigants, the court does not have "license to . . . rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009), as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court,

5

including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

### B. Discussion.

The Eleventh Circuit has admonished trial courts to fulfill their "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006). A shotgun pleading is defined by the "failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam). With a shotgun pleading, it is virtually impossible to know which allegations of fact are intended to support which claims for relief. Id. at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

As the Court explained in its December 27, 2019 order, Goodykoontz's complaint is a shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and does not separate into a different count each cause of action or claim for relief. (Doc. 3 at 6-7); see Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Indeed,

6

the fundamental characteristic of Goodykoontz's complaint is also the "unifying characteristic" of shotgun pleadings: it fails to provide adequate notice of the claims against the Defendant(s) and the grounds upon which each claim rests. See Weiland, 792 F.3d at 1323.

Before "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (quotation omitted). After a court gives a plaintiff the opportunity to re-plead a shotgun pleading and the plaintiff fails to comply with the court's order, dismissal is appropriate. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.") (quotation omitted); Jackson, 898 F.3d at 1358 (stating that if a plaintiff fails to remedy pleading defects after being given "fair notice of the defects and a meaningful chance to fix them[,]" the "court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds"); Weiland, 792 F.3d at 1320 (concluding that "the district court's inherent authority to control its docket and ensure the prompt

resolution of lawsuits," in proper circumstances, "includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)"); see also Harris v. Chase Home Fin., 2010 U.S. Dist. LEXIS 155910, at *4, 2010 WL 11647078, at *2 (N.D. Ga. Nov. 18, 2010) (recommending dismissal of action because plaintiffs failed to obey the court's order to file an amended complaint that complied with Federal Rules of Civil Procedure 8, 9, and 10), report and recommendation adopted, 2011 U.S. Dist. LEXIS 167697, 2011 WL 13318861 (N.D. Ga. Jan. 3, 2011); Green v. U.S. Dep't of Hous. and Urban Dev., 2011 U.S. Dist. LEXIS 2764, at *4-7, 2011 WL 98542, at *2-3 (S.D. Ala. Jan. 10, 2011) (dismissing *pro se* plaintiff's federal claims as a sanction for his failure to respond to the court's order to amend his complaint to correct pleading deficiencies despite being warned that failure to timely comply would result in the dismissal of his federal claims).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3]  "In addition to its power under Rule 41(b), a court

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

8

also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

    The undersigned recommends that the instant action be dismissed without prejudice for Goodykoontz's failure to prosecute and to obey the Court's explicit order to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  In the order dated December 27, 2019, the undersigned catalogued the original complaint's deficiencies and explained to Goodykoontz in great detail how she was to remedy those deficiencies in her amended complaint.  (See Doc. 3).  The Court warned Goodykoontz in the plainest terms that her failure to timely file a complying amended complaint would result in a recommendation of dismissal without prejudice for failure to prosecute and to obey the Court's order.  (Id. at 9).  Yet, ignoring the Court's clear directives, Goodykoontz failed to file an amended complaint. Indeed, to date, she has not filed anything in response to the

9

Court's order.  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b), as it does not appear that any lesser sanction will suffice.

### III. CONCLUSION.

For the foregoing reasons, the undersigned RECOMMENDS that this action be **DISMISSED without prejudice** for failure to prosecute and obey this Court's order.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **February, 2020.**

                                                **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**